# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Nash Brower, | Case No. 2:23-cv-00330-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| State of Alaska; Bruce Lord; Schu Weidshold; Child Support; Dany Crosby, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-2). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses his complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Specifically, Plaintiff asserts that he earns $2,800 per month, but that his expenses total $2,525 per month, leaving him with only $275 per month. (*Id.* at 1). Notably, Plaintiff explains that he has two children under eighteen years of age who are reliant on him for support. (*Id.* at 2). Plaintiff also does not include groceries or other expenses in his monthly expense analysis. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A.   The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff's alleges that the basis for this Court's jurisdiction is federal question jurisdiction because his claims arise under the Indian Child Welfare Act ("ICWA"). (ECF No. 1-2 at 3). However, he provides no facts to support his claims.  His allegations state only "violation ICWA, [f]raud, [i]mproper child support gave my Native children away." (*Id.* at 4).  While he attaches over 500 pages of exhibits to his complaint, these exhibits are disjointed, and Plaintiff provides no explanation about why he attached them or what claims they support.  Without more, Plaintiff's allegations are insufficient to form the basis for any cognizable claim.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-2) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-2) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **June 12, 2023** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

1 prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer
2 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,
3 each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**
4 **comply with this order will result in the recommended dismissal of this case.**

6 DATED: May 11, 2023

  _____
8 DANIEL J. ALBREGTS
  UNITED STATES MAGISTRATE JUDGE